### No. 22,702.

JAMES E. AYRES, *Appellee*, v. THE KANSAS CITY RAILWAYS COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

1. COLLISION—*Street Car and Autotruck — Contributory Negligence — Question for Jury.* The evidence considered, and *held*, the question whether or not the plaintiff, whose autotruck was struck by a street car, was guilty of contributory negligence in not observing the car in time to move the truck from the street-car track was properly submitted to the jury.

2. SAME—*Contributory Negligence—Requested Instruction Properly Refused.* A request for an instruction to the effect that if the plaintiff

could have seen the street car when it was far enough from him that he could have driven out of its way, and failed to see the car and drive out of its way, he was guilty of contributory negligence, was properly denied, because the instruction took no account of the inordinate speed of the car, which the plaintiff was not obliged to anticipate.

3. SAME — *Evidence* — *Intoxication of Motorman.* Evidence that the motorman of the street car was drunk was properly received.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed December 11, 1920. Affirmed.

*O. L. Miller, E. S. McAnany, M. L. Alden,* and *T. M. Van Cleave,* all of Kansas City, for the appellant.

*William H. Thompson, Fred Robertson,* and *Edward M. Boddington,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for injuries to person and property sustained in a collision with a street car. The plaintiff recovered, and the defendant appeals.

The plaintiff was driving an autotruck, which he used as a vehicle for carrying passengers. While proceeding southward along Fifth street in Kansas City, so early in the morning lights were necessary, he was obliged to leave the west side of the street because of obstructions, and go upon the railway tracks in the center of the street. He was hailed by a passenger, and stopped with a front wheel of the truck about at the west rail of the east railway track. The passenger attempted to enter at the front of the truck, was told to enter at the rear, and did so. The plaintiff was in the act of starting the truck, when he discovered a street car in front of him, going north on the east track. Before going on the railway tracks, the plaintiff looked for a car, and none was in sight. The car came around a sharp curve, and upon Fifth street, so the plaintiff could have seen it when it was 400 feet away. His attention was momentarily occupied with his passenger, and he did not see the car until it was within 100 feet of him. If the plaintiff had seen the car when it was first visible, he could have gotten out of its way. There was evidence that the motorman was drunk, and that he was not in the front vestibule of his

car. The car was running at a speed of 25 or 30 miles per hour, its speed was not checked until it struck the truck, the truck was demolished, and the plaintiff and some of his passengers were injured.

The petition charged the defendant with negligence in respect to the speed at which the car was operated. The answer pleaded contributory negligence, and violation of a city ordinance prescribing rules for use of the streets by vehicles. Violation of the ordinance was taken care of by a special finding of the jury, sustained by sufficient evidence, and the meritorious question in the case was raised by an instruction to the jury which the defendant requested and the court refused to give, reading as follows:

"The court instructs the jury that if you find from the evidence that the plaintiff looked immediately before driving upon the east track of defendant company to see if a street car was approaching, and no such car could be seen, and plaintiff stayed on such tracks for such length of time that a car approached him, and such car could have been seen by plaintiff for such a distance that he could have driven out of the way of such approaching car, but plaintiff failed to see such car in time to drive out of the way, then your verdict must be for the defendant."

The instruction was properly refused. It took no account of the inordinate speed at which the car was operated, and which the plaintiff was not bound to anticipate. The plaintiff and the defendant were engaged in the same business—transportation of passengers along the streets of the city. Difference in the means of transportation required the plaintiff to concede right of way to the defendant's cars, and prudence required him to keep a lookout for them. Before the plaintiff stopped on the railway tracks he did look, and no car was visible. The distance at which a car, operated at proper speed, would come in sight, and then render the plaintiff's situation hazardous, was such that he was not obliged to keep his eyes constantly turned in the direction from which the car came, or to make a second observation immediately. If the car were operated at proper speed, he was safe in taking some time to consider his passenger. The evidence was that the time occupied by the entire incident was very brief, and the question whether or not the plaintiff delayed too long before making the second observation, was one for the jury.

Evidence that the motorman of the street car was drunk supported the evidence relating to the reckless manner in which the car was operated. A state statute prescribing the kind of lights the plaintiff's vehicle should have displayed was not relied on by the defendant in its answer. The jury was well instructed, and the defendant was not entitled to judgment on the special findings of fact.

The judgment of the district court is affirmed.